# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10115
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL SALES-MAJOICA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-169-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Samuel Sales-Majoica appeals the 18-month, above-guidelines range sentence he received upon his guilty plea to illegal reentry following deportation. Sales-Majoica contends that his sentence is procedurally unreasonable because the district court's sentencing explanation failed to account for his nonfrivolous argument for a downward departure based on his time spent in state custody. *See* U.S.S.G. § 2L1.2, comment. (n.7). He argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his sentence is substantively unreasonable because it fails to take into account factors mitigating for a lesser sentence, including his reasons for requesting a downward departure.  We affirm.

Sales-Majoica fails to show clear or obvious procedural error.  *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  A departure based on time served in state custody "should be considered only in cases where the departure is not likely to increase the risk to the public from further crimes of the defendant."  § 2L1.2, comment. (n.7).  The district court considered the parties' written and oral arguments on that question and determined that Sales-Majoica's "disturbing criminal history" necessitated an above-guidelines range sentence under 18 U.S.C. § 3553(a).  Implicit in the court's election of an above-guidelines sentence was its finding that Sales-Majoica did not warrant a departure below the guidelines range.  The district court's sentence explanation was adequate to permit meaningful appellate review and to promote the perception of fair sentencing.  *See Gall v. United States*, 552 U.S. 38, 50 (2007).  There was no plain error.  *See Whitelaw*, 580 F.3d at 259.

Nor does Sales-Majoica demonstrate that his 18-month sentence is substantively unreasonable.  His conclusory argument fails to identify any mitigating § 3553(a) factor that the district court failed to adequately consider.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  And he does not suggest how the denial of his downward departure motion failed to account for a § 3553(a) factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the § 3553(a) factors.  *See id*.  We accordingly defer to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance in this case.  *See Gall*, 552 U.S. at 51.

AFFIRMED.